RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
    12/31/14   yr

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD W. BLACK | DOCKET NO. 1:14-CV-2466; SEC. P |
| VERSUS | JUDGE DRELL |
| SHANNON SCALLION, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Richard W. Black, proceeding in forma pauperis, filed the instant complaint alleging the deprivation of property without due process. Although Petitioner argues that his claim does not arise pursuant to 42 U.S.C. §1983, that statute is the proper mechanism for raising a due process claim.

Plaintiff is an inmate incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that he was deprived of private property without due process in a private act of sale.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, on April 24, 2006, an act of cash sale was executed, transferring ownership of a piece of land from Plaintiff to Defendant Mark Rowe. Plaintiff states that the Notary Public who notarized the sale had her notarial rights and privileges suspended, and her commission expired on May 8, 2006. Plaintiff claims that this makes his sale invalid. He also claims

that the defendants, all private citizens, deprived him of due process of law.

## Law and Analysis

The due process clause of the Fourteenth Amendment encompasses three kinds of federal claims enforceable through 42 U.S.C. § 1983: (1) claims for the deprivation of certain specific rights denoted in the Bill of Rights and made applicable to the states through incorporation; (2) claims under the substantive component of the due process clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them'"; and (3) claims under the procedural component of the due process clause that prohibits the deprivation of life, liberty, or property without fair procedure. See Zinermon v. Burch, 494 U.S. 113, 124 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. See Lugar v. Edmondson Oil Co., Inc., 475 U.S. 922, 937 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of Section 1983. Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836,

2

842 (1948).

Likewise, **the prohibitions of the due process clauses apply only to the actions of state or federal actors, and not against private citizens.** Due process rights are expressly created by the Fifth and Fourteenth Amendments to the United States Constitution. "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" Quebedeaux v. Guillory, 2013 WL 749511 (W.D.La.)(citing Dusenbery v. United States, 534 U.S. 161, 167 (2002)). The Fifth Amendment proscribes deprivation of life, liberty, or property without due process of law by federal actors. See id., citing Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir.2000); Morin v. Caire, 77 F.3d 116,120 (5th Cir. 1996). The Fourteenth Amendment proscribes such action by state actors. See id., citing Newsome v. E.E.O.C., 301 F.3d 227, 232 (5th Cir. 2002); Jones v. City of Jackson, 203 F.3d at 880.

The state action requirement "reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringements by governments." United Auto Workers, Local 5284 v. Gaston Festivals, Inc., 43 F.3d 902, 906 (4th Cir. 1995) (quoting Lugar v. Edmondson Oil Co., Inc., 102 S. Ct. 2744, 2753 (1982). Plaintiff has named only private individuals as defendants. Thus, Plaintiff's federal complaint is frivolous, but

should be dismissed without prejudice to any state law claims he may wish to pursue against these defendants in state court.

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A, but without prejudice to any state law claims Plaintiff may wish to pursue against the defendants in state court.

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of December, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE